UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| General Motors LLC, | Civil Action No. 6:20-cv-02039 |
| Plaintiffs, | |
| v. | **DEFENDANT'S BRIEF IN SUPPORT OF PARTIAL MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR MORE DEFINITE STATEMENT** |
| KAR Auto Group of Decorah, Inc., d/b/a Decorah Chevrolet Cadillac, an Iowa Corporation, | |
| Defendant. | |

# TABLE OF CONTENTS

INTRODUCTION ...................................................................................................................1

FACTS ....................................................................................................................................1

ARGUMENT ..........................................................................................................................2

    I.      GM's Count 3 should be dismissed because GM failed to allege the
essential elements of a trademark-infringement claim under 15 U.S.C. § 1125(a). ........3

           A.      GM has failed to sufficiently allege likelihood of consumer confusion ..............4

           B.      GM seeks to protect its method and style of doing business,
an interest that the Lanham Act does not protect..................................................6

           C.      GM has failed to allege the existence or use of an infringing mark ....................7

    II.     GM's Count 3 should also be dismissed under the "genuine goods rule." .......................7

    III.    Alternatively, GM should be required to provide a more definite statement of its
15 U.S.C. § 1125(a) trademark-infringement claim ........................................................8

CONCLUSION.......................................................................................................................9

# INTRODUCTION

Consistent with its broader approach in this litigation of attempting to use pretextual claims and arguments to block KAR Auto Group of Decorah, Inc., d/b/a Decorah Chevrolet Cadillac ("KAR") from dualing its GM and Chrysler operations in disregard of the plain language of Iowa Code § 322A.22, General Motors LLC ("GM") asserts, and is forcing KAR to defend against, a Lanham Act claim that has no legal basis. For this reason, GM does not even attempt to plead the essential elements of a 15 U.S.C. § 1125(a) claim. Instead, GM merely makes unintelligibly vague and conclusory allegations of trademark infringement. GM's novel theory, moreover, in addition to lacking any support in Eighth Circuit law, is contrary to the Lanham Act itself as "[a] franchisor does not have a business interest capable of protection in the mere method and style of doing business," *Prufrock, Ltd. v. Lasater*, 781 F.2d 129, 131–32 (8th Cir. 1986), and this is the only interest GM seeks to leverage its Lanham Act claim to protect. For the numerous reasons set forth below, KAR respectfully requests that the Court dismiss Count 3 of GM's Amended Complaint.

# FACTS[1]

In its Amended Complaint, GM defines "GM Marks" as "GM trademarks and trade names." (Am. Compl. (ECF No. 14) ¶ 13.) GM alleges:

> [T]he protected GM Marks relating to Chevrolet include the brand name (Chevrolet), its logo (the iconic "bowtie"), the individual vehicle lines underneath that brand (such as Silverado), and various ancillary marks associated with the marketing of the Chevrolet brand. The protected GM Marks relating to Cadillac similarly include the brand name (Cadillac), its logo (the famous "crest"), the individual vehicle lines under the brand (such as Escalade), and various ancillary marks associated with the marketing of the Cadillac brand.

---

[1] For purposes of this motion only, consistent with the Rule 12(b)(6) standard, KAR regards the allegations in the Amended Complaint as true.

1

(*Id.*) GM also alleges:

> GM has approved the use of GM Marks associated with Chevrolet and Cadillac at the GM Dealership Premises only in connection with the specific uses approved under the Dealer Agreements. Exs. 1 and 2, pp. 29–30 Art. 17.5. . . . The addition of FCA [Fiat Chrysler Automobiles] to the GM Dealership Premises and relocation of GM Dealership Operations also has, and will continue to, dilute and cause confusion regarding GM's trademarks and trade names.

(*Id.* ¶ 46.) In Count 3 of the Amended Complaint, GM seeks to recover for "federal trademark infringement under 15 U.S.C. § 1125(a)." (*Id.* ¶¶ 64–71.) GM claims to own all "federal and common law rights in the GM Marks" and asserts that "the U.S. trademark registrations for the GM Marks are valid and enforceable." (*Id.* ¶ 65.) GM then alleges trademark "commingling":

> KAR has commingled the GM Marks with FCA trademarks and trade names in connection with the sale and service of Chevrolet, Cadillac, and competitive CDJR [Chrysler Dodge Jeep Ram] vehicles at the GM Dealership Premises. KAR has also relocated Chevrolet and Cadillac Dealership Operations to unapproved locations, including the FCA Premises, further commingling the GM Marks with FCA trademarks and trade names.

(*Id.* ¶ 66.) GM asserts it "has not authorized use of the GM Marks in conjunction with CDJR operations or in unapproved locations, including the FCA Premises." (*Id.* ¶ 67.) GM contends "KAR's unauthorized use of the GM Marks in commerce is likely to cause confusion, mistake, and/or deceive consumers as to source, affiliation, or sponsorship in violation of the Lanham Act, 15 U.S.C. § 1125(a)." (*Id.* ¶ 68.) GM alleges it "has been, and will continue to be, damaged by KAR's infringement of GM Marks in an amount to be determined at trial." (*Id.* ¶ 69.)

## **ARGUMENT**

To survive a motion to dismiss under FED. R. CIV. P. 12(b)(6) for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *United States ex rel. Raynor v. Nat'l Rural Utils. Co-op. Fin., Corp.*, 690 F.3d 951, 955 (8th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal

2

quotation marks omitted)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Benton v. Merrill Lynch & Co., Inc.*, 524 F.3d 866, 870 (8th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Raynor*, 690 F.3d at 955 (quoting *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted)).

### I. GM's Count 3 should be dismissed because GM failed to allege the essential elements of a trademark-infringement claim under 15 U.S.C. § 1125(a).

The subsection of the Lanham Act under which GM attempts to state a claim, 15 U.S.C. § 1125(a)(1)(A), provides:

> Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person . . . shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

As explained below, GM's Lanham Act claim fails because GM has failed to allege at least two essential elements of such a claim. Moreover, the interest that GM seeks to protect through this claim—its method and style of doing business—is not protectable under the Lanham Act. GM's claim is also barred by the "genuine goods rule." For each of these independent reasons, GM's Lanham Act claim is properly dismissed under Rule 12(b)(6).

3

### A. GM has failed to sufficiently allege likelihood of consumer confusion.

"Likelihood of confusion is the basic test of trademark infringement." *Graham Webb Int'l Ltd. P'ship v. Emporium Drug Mart*, 916 F. Supp. 909, 914 (E.D. Ark. Nov. 3, 1995). The confusion must be "as to the source or sponsorship of the goods or services." *Davis v. Walt Disney Co.*, 430 F.3d 901, 903 (8th Cir. 2005). Accordingly, a Lanham Act claim that fails to sufficiently allege and describe how the alleged infringement could result in consumer confusion as to source or sponsorship is fatally defective. *See, e.g.*, *Phx. Entm't Partners, LLC v. Star Music, Inc.*, No. 16-CV-4078 (PJS/FLN), 2017 U.S. Dist. LEXIS 130335, at *8–9 (D. Minn. Aug. 15, 2017) (holding that plaintiff who alleged that defendants' display of plaintiff's marks caused "confusion concerning the origin, sponsorship, or approval of [defendants']" services failed to sufficiently allege a Lanham Act claim because plaintiff failed to allege frequency with which its marks were used by defendants); *Mitchell v. Sanchez*, No. 14-0996-CV-ODS, 2015 U.S. Dist. LEXIS 37971, at *7–8 (W.D. Mo. Mar. 25, 2015) (dismissing 15 U.S.C. § 1125(a)(1)(A) claim because "Plaintiff has not alleged any facts that suggest Defendants have committed any actions which would cause confusion as to whether Defendants are associated with Plaintiff or that Plaintiff approves or endorses the Defendants' services or goods"); *H&R Block E. Enters. v. Inuit, Inc.*, 945 F. Supp. 2d 1033, 1036–37 (W.D. Mo. 2013) (holding that Lanham Act claim failed as a matter of law because complaint did not sufficiently allege likelihood of consumer confusion); *Walsh Bishop Assocs. v. O'Brien*, No. 11-2673(DSD/AJB), 2012 U.S. Dist. LEXIS 25219, at *19 (D. Minn. Feb. 28, 2012) (dismissing Lanham Act claim because complaint failed to adequately allege likelihood of confusion as it "d[id] not suggest that defendants used the mark WBA Partners, Inc. in any capacity other than while actually providing the services of Walsh Bishop or that defendants used WBA Partners, Inc. after leaving Walsh

4

Bishop"). GM has failed to allege likelihood of consumer confusion sufficiently to withstand a Rule 12(b)(6) motion to dismiss.

The analysis in *H&R Block* is instructive. The plaintiff in *H&R Block*, just as GM attempts to do here, "seem[ed] to argue that 'confusion' under trademark infringement law should be read more broadly to include general confusion about the quality and nature of plaintiffs' and defendant's services." *H&R Block*, 945 F. Supp. 2d at 1036. Rejecting this argument, the district court explained that "plaintiffs' broad reading of the term 'confusion' has no support under current Eighth Circuit law." *Id.* at 1036–37. The district court concluded that the Lanham Act claim failed as a matter of law and granted defendant's Rule 12(b)(6) motion to dismiss. *Id.* at 1037.

Here, the same problem infects GM's Lanham Act allegations. GM makes amorphous and conclusory "confusion" assertions such as that "[t]he addition of FCA to the GM Dealership Premises and relocation of GM Dealership Operations also has, and will continue to, dilute and cause confusion regarding GM's trademarks and trade names." (Am. Compl. (ECF No. 14) ¶ 46.) This allegation, in addition to being nebulous and lacking factual content, fails to allege the type of confusion required by the Lanham Act—confusion as to the affiliation, connection, or association of GM with another person or as to the origin, sponsorship, or approval of goods or services. 15 U.S.C. § 1125(a)(1)(A). "[C]onfusion *regarding GM's trademarks and trade names*," which is all GM alleges (Am. Compl. (ECF No. 14) ¶ 46 (emphasis added)), is not confusion as to source or sponsorship of goods or services. Thus, even if the confusion alleged by GM existed, this is not the type of confusion that is actionable under the Lanham Act.

Additionally, it is well-established that "packaging alone cannot constitute trademark infringement." *ConAgra, Inc. v. Geo. A. Hormel & Co.*, 784 F. Supp. 700, 726 (D. Neb. 1992).

5

To state a claim for trademark-infringement under the Lanham Act, the plaintiff must allege confusion based on the protectable item—the mark itself. *Id.* ("If the [survey] respondents were confused by such things as the packaging, or the color green, or the allegedly healthy attributes of the products, but not the mark, there is no likelihood of confusion for trademark related reasons."); *see also Pilot Corp. of Am. v. Fisher-Price, Inc.*, 501 F. Supp. 2d 292, 305–06 (D. Conn. 2007) (explaining that confusion based on product similarity is no basis for a trademark-infringement claim under the Lanham Act because the source of confusion must be "the mark itself"). Here, however, GM has failed to allege any confusion based on the similarity of its GM Marks to any other mark (e.g., FCA marks). Instead, GM appears to contend that proximately of similar-looking *vehicles* (not marks) will cause customer confusion. (Am. Compl. (ECF No. 14) ¶ 46.) This fails to state a Lanham Act trademark-infringement claim.

> **B.    GM seeks to protect its method and style of doing business, an interest that the Lanham Act does not protect.**

GM's true concern is not with trademark infringement—it is with attempting to achieve marketing uniformity. For instance, in describing what it seeks to use the Lanham Act to protect, GM refers generally to a "marketing" process for promoting its brands. (*Id.* ¶ 13 (defining as "GM Marks" all "marks" that are "associated with the marketing of the Chevrolet brand" or that are "associated with the marketing of the Cadillac brand").) This is why GM claims that KAR has "comingled" GM Marks with "FCA trademarks and trade names," rather than accusing KAR of any actual infringement. (*Id.* ¶ 66.) But the Lanham Act does not protect a franchisor's method and style of doing business. *See Prufrock, Ltd. v. Lasater*, 781 F.2d 129, 131–32 (8th Cir. 1986) ("A franchisor does not have a business interest capable of protection in the mere method and style of doing business."). GM's Lanham Act claim, therefore, fails as a matter of

6

law for the additional reason that GM is attempting to leverage the Lanham Act to accomplish a result that the Act does not permit.

### C. GM has failed to allege the existence or use of an infringing mark.

Moreover, "[a]s courts have repeatedly noted, the 'core element' of trademark infringement law is whether an alleged trademark infringers' use of a mark creates a likelihood that the consuming public will be confused as to who makes what product." *Sensient Techs. Corp. v. SensoryEffects Flavor Co.*, 613 F.3d 754, 769 (8th Cir. 2010) (quoting *Davis*, 430 F.3d at 905 (internal quotation marks omitted)). One of the factors that must be considered in the Eighth Circuit in determining whether a likelihood of consumer confusion exists is "the similarity between the plaintiff's mark and the alleged infringing mark." *Georgia-Pacific Consumer Prods. LP v. Myers Supply, Inc.*, 621 F.3d 771, 775 (8th Cir. 2010). Yet GM never identifies any infringing mark. For this additional reason, GM has failed to plead a viable Lanham Act claim and the Court should dismiss Count 3.[2]

## II. GM's Count 3 should also be dismissed under the "genuine goods rule."

"[T]he Eighth Circuit has recognized the genuine goods rule: no likelihood of confusion exists when a trademark is used to identify the goods originally marketed by the trademark owner under that mark." *Brand Mgmt. v. Menard, Inc.*, No. 97-1329, 1998 U.S. App. LEXIS 493, at *7 (Fed. Cir. Jan. 14, 1998) (citing *Henry v. Chloride, Inc.*, 809 F.2d 1334, 1349 (8th Cir. 1987)); *see also Polymer Tech. Corp. v. Mimran*, 975 F.2d 58, 61–62 (2d Cir. 1992) ("As a

---

[2]     Though GM did not allege a trademark-dilution claim under 15 U.S.C. § 1125(c), it made an argument in briefing its motion for preliminary injunction based on such a claim. Even if GM were to plead such a claim, however, it would fail because one element GM must demonstrate to establish trademark dilution is that "defendant used a diluting mark in commerce" that bore an association to a famous mark, and the former impaired the distinctiveness of the latter. *Truenorth Cos., L.C. v. Trunorth Warranty Plans of N. Am., LLC*, 292 F. Supp. 3d 864, 871 (N.D. Iowa 2018). GM failed to allege any "diluting mark."

7

general rule, trademark law does not reach the sale of genuine goods bearing a true mark even though the sale is not authorized by the mark owner. . . . Thus, a distributor who resells trademarked goods without change is not liable for trademark infringement."); *3M v. Rauh Rubber*, 943 F. Supp. 1117, 1228 (D. Minn. 1996) (holding that "[i]f the goods are genuine, defendant has the right to resell them and plaintiff is not protected by the trademark laws"); *Graham Webb*, 916 F. Supp. at 914 (holding that unauthorized resale of products, even though products' batch codes were obliterated, was no basis for Lanham Act claim).

Thus, when the accused goods are genuine, "courts hold that no likelihood of confusion exists as a matter of law." *Brand Mgmt.*, 1998 U.S. App. LEXIS 493, at *7. This remains true "even if the sale is unauthorized." *Id.* GM does not allege, because it has no basis to allege, that KAR is not selling genuine GM goods marketed under GM Marks. Nor does GM allege that KAR has removed GM Marks from GM goods or applied GM Marks to non-GM goods. GM's Count 3, therefore, fails as a matter of law for the additional reason that the GM goods sold by KAR are genuine.

### III. Alternatively, GM should be required to provide a more definite statement of its 15 U.S.C. § 1125(a) trademark-infringement claim.

Under FED. R. CIV. P. 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." *See Patterson v. ABS Consulting, Inc.*, No. 4:08CV697RWS, 2009 U.S. Dist. LEXIS 7251, at *4–5 (E.D. Mo. Feb. 2, 2009) (granting motion for more definite statement of Lanham Act claim).

In *Patterson*, the plaintiff brought a Lanham Act claim against the defendant. *Id.* at *1. The defendant moved for a more definite statement pursuant to Rule 12(e), and the district court granted the motion, concluding that the plaintiff "does not provide a clear description of

8

Defendant's mark that he believes is confusingly similar to his own" and that the plaintiff also failed "to clearly identify which of Defendant's products or 'facilities' he believes are marketed under [the plaintiff's mark] and create the likelihood of confusion in consumers so that Defendant may prepare a responsive pleading." *Id.* at *5.

The same is true here. GM failed to allege several elements of a 15 U.S.C. § 1125(a)(1)(A) claim, including: (1) how or in what manner GM believes consumer confusion may result from any conduct by KAR; (2) identification of any allegedly infringing mark; (3) specification of the "GM Marks"—which GM broadly defines as any mark "associated with the marketing" of Chevrolet or Chrysler (Am. Compl. (ECF No. 14) ¶ 13)—allegedly infringed. As explained above, these deficiencies cause GM's Lanham Act claim to fail as a matter of law, and KAR requests that it be dismissed for this reason. These deficiencies also render the claim so vague as to be unintelligible, preventing KAR from forming a response. If, therefore, the Court declines to dismiss the claim outright, KAR respectfully requests, in the alternative, that GM be ordered to provide a more definite statement of this claim so that KAR may understand and respond to it.

## CONCLUSION

For the foregoing reasons, KAR respectfully requests that its Partial Motion to Dismiss or, in the Alternative, for More Definite Statement be granted.

9

Respectfully submitted,

Dated: August 7, 2020

**ARENSON LAW GROUP PC**
James H. Arenson (AT0000549)
James W. Radig (AT0006445)
John W. Hofmeyer IV (AT0011479)
Arenson Law Group PC
jarenson@arensonlaw.com
jradig@arensonlaw.com
jhofmeyer@arensonlaw.com
425 Second Street S.E., Suite 900
Cedar Rapids, IA 52401
Phone: (319) 363-8199x2
Fax: (319) 363-8448


**THOM ELLINGSON, PLLP**

*/s/ Aaron R. Thom*
Aaron R. Thom (#0392646)
Thom Ellingson, PLLP
athom@thomellingson.com
Thom Ellingson, PLLP
825 Nicollet Mall, Suite 950
Minneapolis, MN 55402
Phone: (612) 286-0505
Fax: (612) 601-8955


*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

   I hereby certify that on August 7, 2020, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                 */s/ Rachel Archambeau*
                 Rachel Archambeau