# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| GENERAL MOTORS LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>KAR AUTO GROUP OF DECORAH, INC., d/b/a DECORAH CHEVROLET CADILLAC,<br><br>    Defendant. | No. 20-CV-2039-CJW-KEM<br><br>**MEMORANDUM OPINION AND ORDER** |

_____

## I.    INTRODUCTION

This matter is before the Court on defendant's partial motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, motion for a more definite statement under Rule 12(e). (Doc. 22). In its motion, defendant seeks dismissal or, alternatively, a more definitive statement of plaintiff's claim for trademark infringement. (*Id.*, at 1–3). Plaintiff timely resisted and, in the alternative, requested leave to amend its amended complaint. (Doc. 23). Defendant timely replied to plaintiff's resistance. (Doc. 25). The Court considers this matter fully submitted.

For the following reasons, defendant's partial motion to dismiss is **granted**, defendant's alternative request for a more definite statement is **denied as moot**, and plaintiff's request for leave to amend is **denied**.

## II. BACKGROUND

The following relevant facts are taken from plaintiff's amended complaint. (Doc. 14). Plaintiff is a manufacturer and distributor of motor vehicles. (*Id.*, at 2). Defendant is an automobile dealer in Decorah, Iowa. (*Id.*, at 1-2). The parties entered into two dealer agreements (the "Agreements") which allowed defendant to sell plaintiff's vehicles, namely Chevrolet and Cadillac vehicles, at its General Motors ("GM") dealership (the "GM dealership"). (*Id.*, at 2). The Agreements limited the extent defendant could use plaintiff's trademarks and trade names (the "GM Marks"), including the names 'Chevrolet' and 'Cadillac' and their respective logos, vehicle lines, and ancillary marks. (*Id.*, at 4).

Defendant formerly operated a separate automobile dealership adjacent to its GM dealership which sold Chrysler, Dodge, Jeep, and Ram ("CDJR") vehicles manufactured by Fiat Chrysler ("the CDJR dealership"). (*Id.*, at 5). On February 1, 2020, the entity operating the CDJR dealership merged into defendant. (*Id.*). On June 10, 2020, defendant merged its CDJR operations into the GM dealership operations. (*Id.*, at 8). The practice of selling vehicles from two different manufacturers at a single dealership is called "dualing" in the car dealership industry. (*Id.*, at 8 n.2).

Plaintiff filed its complaint on June 9, 2020, (Doc. 1) and amended its complaint on July 1, 2020 (Doc. 14). Plaintiff's amended complaint asserts two breach of contract claims, one for specific performance and one for damages, as well as a claim of trademark infringement under Title 15, United States Code, Section 1125(a). (*Id.*, at 16–21). As for its trademark infringement claim, plaintiff asserts defendant has improperly commingled plaintiff's GM Marks with CDJR trademarks and trade names by dualing its sales, services, and dealership operations. (*Id.*, at 20). Plaintiff argues that, as a result of the unauthorized dualing, consumers will be confused, make mistakes, or be deceived as to the "source, affiliation, or sponsorship" of the GM Marks. (*Id.*).

2

### III. APPLICABLE LAW

Under Federal Rule of Civil Procedure 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 does not require "detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Nevertheless, it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint that relies on "naked assertion[s]" devoid of "further factual enhancement," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 557.

Before filing an answer, a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted" under Federal Rule of Civil Procedure 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citation omitted). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court must also grant "all reasonable inferences" from the pleadings "in favor of the nonmoving party." *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plausibility is not equivalent to probability, but it is something "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "The question . . . is not whether [a plaintiff] might at some later stage be able to prove [its claims]; the question is whether [a plaintiff] has adequately asserted facts (as contrasted with naked legal conclusions) to support his claims." *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1129 (8th Cir. 2012).

## IV. ANALYSIS

The Court will first address defendant's partial motion to dismiss before considering defendant's alternative request for a more definite statement and plaintiff's alternative request to amend its amended complaint.

### A. Partial Motion to Dismiss

Section 1125(a)(1) of the Lanham Act states:

> **(1)** Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—
>
> > **(A)** is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
> >
> > **(B)** in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,
>
> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

Thus, the Lanham Act "creates two distinct bases of liability: false association, § 1125(a)(1)(A), and false advertising, § 1125(a)(1)(B)." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 112 (2014). Generally, "[t]he Lanham Act prohibits the use of a mark in connection with goods or services in a manner that is likely to cause confusion as to the source or sponsorship of the goods or services." *Davis v.*

4

*Walt Disney Co.*, 430 F.3d 901, 903 (8th Cir. 2005).[1]  Indeed, "the core element of trademark infringement law is whether an alleged trademark infringers' use of a mark creates a likelihood that the consuming public will be confused as to who makes what product." *Sensient Techs. Corp. v. SensoryEffects Flavor Co.*, 613 F.3d 754, 769 (8th Cir. 2010) (citation and internal quotation marks omitted).

In assessing the likelihood of confusion, courts consider the following factors: (1) the strength of the plaintiff's mark; (2) the similarity between the plaintiff's mark and the allegedly infringing mark; (3) the extent the allegedly infringing product competes with the plaintiff's goods; (4) the alleged infringer's intent to confuse the public; (5) the degree of care reasonably expected of potential consumers; and (6) evidence of actual confusion. *Ga.-Pac. Consumer Prods. LP v. Myers Supply, Inc.*, 621 F.3d 771, 775 (8th Cir. 2010) (citations omitted). "[N]o one factor controls, and because the inquiry is inherently case-specific, different factors may be entitled to more weight in different cases." *Kemp v. Bumble Bee Seafoods, Inc.*, 398 F.3d 1049, 1053 (8th Cir. 2005).

Defendant argues plaintiff has not adequately alleged any likelihood of consumer confusion. (Doc. 22-1, at 4–8). Plaintiff responds that defendant's dualing will cause less knowledgeable consumers to confuse which vehicle brands are manufactured by plaintiff and Fiat Chrysler respectively. (Doc. 23, at 7). Plaintiff admits that its trademark infringement claim is not based on the similarity of the GM Marks to any CDJR marks or any similarity in vehicle design. (*Id.*). Rather, its trademark infringement claim rests entirely on the potential for consumer confusion as a result of defendant's dualing. (*Id.*, at 8). In its reply, defendant argues this potential type of harm or confusion is not contemplated by the Lanham Act. (Doc. 25, at 4–5).

---

[1] The text of Section 1125(a)(1) shows that not every trademark claim necessarily involves the use of an allegedly infringing mark but, rather, can involve the use of a legitimate mark in a confusing manner. Thus, defendant's note that plaintiff does not allege the existence of any infringing mark, although correct, is not dispositive. *See* (Doc. 22-1, at 9).

Plaintiff's amended complaint never mentions any advertising, promotions, or marketing by defendant that allegedly constitutes trademark infringement by false advertising.[2] Thus, plaintiff appears to claim trademark infringement by false association. The amended complaint does not allege any false designation of origin, false or misleading description of fact, or false representations by defendant. *See* 15 U.S.C. § 1125(a)(1)(A). Instead, plaintiff's claim appears to rest purely on defendant's use of the GM Marks at its dualed facility as being likely to cause confusion, mistake, or deception or perhaps that defendant's dualing is some misleading representation of fact.

The Court recognizes that the likelihood of confusion is a factual inquiry that is seldom resolved at the motion to dismiss stage. *See, e.g.*, *SquirtCo v. Seven-Up Co.*, 628 F.2d 1086, 1091 (8th Cir. 1980); *Moresource, Inc. v. Extra Help, Inc.*, No. 4:13 CV 235 DDN, 2013 WL 2338406, at *4 (E.D. Mo. May 29, 2013) (citation omitted). Here, however, the Court finds that this is a rare circumstance when consumer confusion has not been adequately alleged. *See H&R Block E. Enters. v. Inuit, Inc.*, 945 F. Supp. 2d 1033, 1036–37 (W.D. Mo. 2013). Turning to the relevant factors, the GM Marks are individually strong, although many consumers may not inherently know that one particular brand of vehicle is a subdivision of a particular manufacturer. There is no infringing mark or infringing product here; the GM Marks are, undisputedly, being used to identify GM products. There is no allegation that defendant intends to confuse the public as to which products are manufactured by plaintiff and Fiat Chrysler respectively. Although it can reasonably be expected that consumers will do their homework on a given vehicle before purchasing it, many consumers may not know or care which particular manufacturer made any given vehicle. The amended complaint, notably, does not allege

---

[2] In its resistance, however, plaintiff repeatedly mentions advertising and marketing. (Doc. 23, at 5, 7, 10). The Court will address this issue further below.

any evidence of actual confusion. This last factor is mitigated, however, by the fact that extensive discovery has not yet been conducted.

Here, all plaintiff alleges is that defendant sold and serviced both GM and Fiat Chrysler vehicles at the same location. The existence of two competing products in the same building does not reasonably signal that they are connected or related in any way. The mere fact that some consumers may not know which entity manufactures which vehicle model is of little consequence. Plaintiff has not cited any authority which holds that offering competing goods side-by-side constitutes trademark infringement on the sole ground that some consumers may not know the difference.[3] The Lanham Act does not require sellers to segregate products by manufacturer to affirmatively reinforce brand identity to consumers. Rather, it merely prohibits sellers from using a trademark in a false, misleading, or confusing manner. Plaintiff has not sufficiently identified such an act by defendant here.

Dualing itself is not confusing. To the contrary, it is a well-established practice in the car dealership industry. *See* (Doc. 14, at 8 n.2).[4] Plaintiff attempts to color defendant's dualing here as wrongful by repeatedly noting that defendant allegedly dualed

---

[3] For example, a restaurant might serve both Coca-Cola and Pepsi products. Consumers may not know that Fanta is a Coca-Cola product and Sierra Mist is a Pepsi product. That the restaurant offers both beverages, however, does nothing to confuse consumers into mistaking that they are connected in any way or originate from the same source.

[4] Indeed, it appears dualing is protected by statute in Iowa. Iowa Code Section 322A.22 states:

> A condition, stipulation, or provision in a franchise prohibiting or restricting the franchisee from continuing another line-make at the dealership or adding an additional line-make to the dealership is void. This section does not limit a franchiser from establishing good cause for the termination of a franchise pursuant to sections 322A.2 and 322A.11 on the grounds that the franchisee's dealership facility is not adequate to accommodate an additional line-make that has been added to the franchisee's dealership.

in violation of the Agreements. *See, e.g.*, (Doc. 23, at 4). Breach of contract is not an element of trademark infringement.[5] Whether defendant breached the Agreements or not is irrelevant to plaintiff's Lanham Act claim. *See, e.g.*, *Polymer Tech. Corp. v. Mimran*, 975 F.2d 58, 61–62 (2d Cir. 1992) (noting "trademark law does not reach the sale of genuine goods bearing a true mark *even though the sale is not authorized* by the mark owner") (emphasis added).[6] The amended complaint alleges only that the GM Marks are being used in the same space as the CDJR trademarks and vehicles. Without more than their mere simultaneous presence, plaintiff has not alleged facts that would make consumer confusion likely. *See, e.g.*, *IGA Inc. v. Hometown Grocers, Inc.*, No. 97-0975-CV-W-8, 1997 WL 851439, at *4 (W.D. Mo. July 21, 1997) (finding consumer confusion likely when the two marks not only existed in the same local stores but also contained the same word, used the same colors, and played upon the same promotional slogan).

Dualing also cannot be reasonably understood as a misleading representation. Although a representation can be made via conduct, dualing alone does not assert any fact. *See Representation*, BLACK'S LAW DICTIONARY (11th ed. 2019). Dualing is also not misleading. Black's Law Dictionary defines 'mislead' as "[t]o cause (another person) to believe something that is not so, whether by words or silence, action or inaction; to deceive. Although the misleading may be inadvertent, the term [usually] implies willful

---

[5] Even if breach of contract were relevant here, in ruling on plaintiff's motion for a preliminary injunction the Court already observed that Iowa Code Section 322A.22 appears to make that provision of the contract void. (Doc. 24, at 20).

[6] Although the Court cites this authority for the general proposition that the mere unauthorized selling of goods is outside the scope of trademark law, defendant asks the Court to apply the genuine goods rule here. *See* (Doc. 22-1, at 9–10). The Court finds that the genuine goods rule does not directly address the issue here. Plaintiff argues that dualing may cause consumer confusion, not that the unauthorized selling of legitimate goods alone is sufficient.

8

deceit." *See also Blitz v. Monsanto Co.*, 317 F. Supp. 3d 1042, 1053 n.8 (D. Wis. 2018) (citing the Black's Law Dictionary definition of 'mislead' in analyzing the Lanham Act). Dualing, an accepted industry practice, cannot reasonably be said to cause confusion.

*Nutreance LLC v. Primark, LLC*, No. 4:18-cv-00098-SRC, 2020 WL 3892995 (E.D. Mo. July 10, 2020), offers helpful contrast. There, the court denied summary judgment on the plaintiffs' claim for trademark infringement by false association. *Id.*, at *11. The court found the plaintiffs showed a sufficient likelihood of consumer confusion about the connection between its nutritional supplement trademarks and the defendants. *Id.* The court cited the plaintiffs' evidence that the defendants deliberately concealed their relationship with nutritional supplement review websites and flagged the plaintiffs' trademarks as paid search terms on various search engines. *Id.* This evidence sufficiently alleged that the defendants falsely or misleadingly directed consumers to review websites that purported to be unbiased but were actually a front to disparage the plaintiffs' products and bolster the defendants' products. *Id.* Again, no such confusing or deceptive conduct is alleged here. Defendants are merely selling two competing products. That alone is not false, misleading, or likely to cause confusion.

Thus, the Court finds that plaintiff has failed to state a trademark claim upon which relief can be granted and **grants** defendant's partial motion to dismiss.[7]

---

[7] Defendant also argues, citing trade dress law, that plaintiff's trademark infringement claim is improper because it seeks to protect its method or style of doing business. (Doc. 22-1, at 8–9) (citing *Prufrock, Ltd. v. Lasater*, 781 F.2d 129, 131–32 (8th Cir. 1986)). Plaintiff's claim does not relate to trade dress, *see* (Doc. 23, at 9), and the Court does not otherwise find such law persuasive or applicable here.

9

### B. Motion for a More Definite Statement

In the alternative, defendant requests that the Court direct plaintiff to offer a more definite statement as to its trademark claim. (Doc. 22–1, at 10–11). Because the Court granted dismissal, it need not consider defendant's alternative request. Thus, defendant's motion for a more definite statement is **denied as moot**.

### C. Request for Leave to Amend

Plaintiff requests that the Court grant it leave to amend if the Court finds it has not adequately plead its trademark claim. (Doc. 23, at 11).

Plaintiff's amended complaint offers only a vague description of its trademark claim. (Doc. 14, at 20–21). It states only that confusion is likely to result from defendant's unauthorized commingling of the GM Marks and CDJR trademarks. (*Id.*). This statement was so imprecise that defendant was unsure how to summarize it in its motion to dismiss. *See* (Doc. 22-1, at 8) ("[Plaintiff] appears to contend that proximately (sic) of similar-looking *vehicles* (not marks) will cause customer confusion."). It is not until its resistance here that plaintiff clarifies that its trademark claim rests solely on confusion it alleges is presented by dualing. *See* (Doc. 23, at 7).

Also, in its resistance, for the first time, plaintiff cites defendant's advertising, marketing, and promotion. (Doc. 23, at 5, 7, 10–11). Advertising is never mentioned in the amended complaint, much less any specific advertisement. Even plaintiff's resistance does not mention any specific advertisement, marketing, or promotion. It merely states that advertising and selling both GM and Fiat Chrysler vehicles from a building branded with both GM Marks and CDJR trademarks infringes on the GM Marks. (*Id.*, at 10) ("[Defendant] is now advertising and selling new CDJR vehicles from a building branded with GM Marks (and vice versa)."). Plaintiff only speculates that some other combined, misleading advertising may occur. (*Id.*, at 7) ("The limited facility space *may* also cause [defendant] to combine advertising[.]") (emphasis added).

Even generously interpreting plaintiff's amended complaint in light of its resistance here, it is clear that its trademark infringement claim centers solely on defendant's unauthorized dualing. As discussed, the fact that the dualing is allegedly contractually unauthorized is irrelevant and dualing alone is not confusing or a misleading representation of any fact. Thus, the Court finds that any further amendment to plaintiff's amended complaint would be futile. *See Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 871 (8th Cir. 2002). Thus, the Court **denies** plaintiff's alternative request for leave to amend.

## V. CONCLUSION

For these reasons, defendant's partial motion to dismiss is **granted**, defendant's alternative request for a more definite statement is **denied as moot** (Doc. 22), and plaintiff's request for leave to amend is **denied** (Doc. 23, at 11).

**IT IS SO ORDERED** this 8th day of September, 2020.

_____

C.J. Williams
United States District Judge
Northern District of Iowa